IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40798
(Summary Calendar)
_____


ROLAND PERKINS,

                                        Plaintiff-Appellant,

versus

MELISSA B. DIAL, Medical Nurse; JANET M. CARLOW;
RICHARD HALL; BARBARA L. HANKINS; JUDY FARIS;
WAYNE KELLER, Doctor; KIMERLY C. MALDONADO;
MARIA E. RODRIGUEZ; ROBERT ROWLAND; DANNY V. PEREZ;
DAVID M.BLACKWELL; DENNIS S. TORRES, JR.;
MORRIS G. DODSON; SANDRA S. LOPEZ;
ROY D. GLOVER, JR.; FRANCES HAROLD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-96-CV-526)
--------------------
October 4, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Perkins appeals the district court's partial dismissal as frivolous and partial grant of summary judgment in favor of the defendants in his civil rights action under 42 U. S.C. § 1983. He argues that he was denied treatment and medication for his psychological disorders because he is African-American; was denied non-steel-toed boots even though they

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had been prescribed by a doctor; was falsely accused and found guilty of disciplinary offenses in retaliation for the grievances and lawsuits he has filed and because he is African-American; and was subjected to the intentional infliction of emotional distress. The district court did not err in dismissing Perkins's claims for money damages against all of the defendants in their official capacities because those claims were barred by the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Perkins failed to establish that the defendants violated any of his constitutional rights, therefore, the district court did not err or abuse its discretion in dismissing Perkins's claims for injunctive relief against the defendants in their official capacities and Perkins's claims against the defendants in their individual capacities. See Harris v. Angelina County, Tex., 31 F.3d 331, 337-38 (5th Cir. 1994); Rankin v. Klevenhagen, 5 F.3d 103, 105 (5th Cir. 1993). The district court's judgment is affirmed.

Perkins's motions for a temporary restraining order or preliminary injunction, for the appointment of counsel, and for a stay of the appeal are denied.

AFFIRMED; MOTIONS DENIED.